UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LESLIE REILLY, an individual,
on behalf of herself and all others similarly
situated,

    Plaintiff,

v.

AMY'S KITCHEN, INC.,
a California corporation,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Leslie Reilly ("Plaintiff") hereby sues for herself and all others similarly situated, Defendant Amy's Kitchen, Inc. ("Amy's Kitchen" or "Defendant") and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this consumer class action on behalf of herself and all other persons who, from April 29, 2009 up to and including the present (the "Class Period"), purchased in Florida for consumption and not resale any of Amy's Kitchen's products listing Evaporated Cane Juice ("ECJ") in the ingredients.

2. During the Class Period, Amy's Kitchen engaged in a uniform campaign through which it purposefully misrepresented and continues to purposefully misrepresent to consumers that its products contain ECJ even though "evaporated cane juice" is not "juice" at all—it is nothing more than sugar, cleverly disguised. Further, ECJ is not the common or usual name of any type of sweetener, or even any type of juice, and the use of such a name is false and

misleading. Amy's Kitchen uniformly lists ECJ as an ingredient on its products, as well as on its website and other promotional material.

3. Amy's Kitchen's actions constitute violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201-501.2101. Amy's Kitchen has also been unjustly enriched as a result of its conduct.

4. As a result of these unfair and deceptive practices, Amy's Kitchen has collected millions of dollars from the sale of its products with ECJ that it would not have otherwise earned.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Leslie Reilly is a citizen of the State of Florida. During the Class Period, Plaintiff purchased different Amy's Kitchen products with ECJ as an ingredient for personal consumption within the State of Florida. Plaintiff has purchased Amy's Kitchen products with ECJ, including the All American Veggie Burger, the Margherita Pizza, and the Light & Lean Black Bean & Cheese Enchilada.

6. Defendant Amy's Kitchen is a corporation organized and existing under the laws of the state of California. Amy's Kitchen's headquarters is located in Petaluma, Sonoma County, California. Amy's Kitchen manufactured, advertised, marketed, and sold products containing ECJ to tens of thousands of consumers nationwide, including Florida.

7. The Court has jurisdiction over Amy's Kitchen because its products with ECJ are advertised, marketed, distributed, and sold throughout Florida; Amy's Kitchen engaged in the wrongdoing alleged in this Complaint throughout the United States, including in Florida; Amy's Kitchen is authorized to do business in Florida; and Amy's Kitchen has sufficient minimum contacts with Florida and/or otherwise has intentionally availed itself of the markets in Florida, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair

play and substantial justice. Moreover, Amy's Kitchen is engaged in substantial and not isolated activity within this state.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(2).

9. Venue is proper in this district because a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and Amy's Kitchen is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

10. Amy's Kitchen advertises and markets many of its products as having ECJ, an unlawful term that is merely a false and misleading name for another less healthy food or ingredient that has a common or usual name, namely sugar.

11. Amy's Kitchen uses the term "Evaporated Cane Juice" on its packaging.

12. Amy's Kitchen uses the term ECJ to make its product appear healthier than a product that contains "sugar" as an ingredient and to increase sales and to charge a premium.

13. Upon information and belief, Amy's Kitchen sells a number of products with ECJ, including but not limited to:

| | |
|---|---|
| Asian Noodle Stir-Fry | Thai Coconut Soup (Tom Kha Phak) |
| Southern Dinner | Organic Vegetarian Baked Beans |
| Cheese Tamale Verde | Tomato Basil Pasta Sauce |
| Cheese Pizza in a Pocket Sandwich | Light in Sodium Tomato Basil Pasta Sauce |
| Vegetable Pie in a Pocket Sandwich | Enchilada Verde Whole Meal |
| Tofu Scramble in a Pocket Sandwich | Breakfast Scramble |
| Spinach Pizza in a Pocket Sandwich | Teriyaki Wrap |
| Apple Toaster Pops | Chocolate Cake GF |
| Strawberry Toaster Pops | Single Serve Margherita Pizza |
| Cheese Pizza Toaster Pops | Four Cheese Pizza |
| Garden Vegetable Lasagna | Organic Cream of Tomato Soup |
| Roasted Vegetable Lasagna | Light & Lean Soft Taco Fiesta |
| Light in Sodium Vegetable Lasagna | Light & Lean Spinach Lasagna |
| Texas Veggie Burger | Gluten Free Tofu Scramble Breakfast Wrap |
| All American Veggie Burger | Single Serve Rice Crust Margherita Pizza |
| Bistro Veggie Burger | Light & Lean Roasted Polenta |
| Quarter Pounder Veggie Burger | Light & Lean Sweet & Sour Bowl |
| Spinach Pizza Snacks | Gluten Free Classic Shortbread Cookies |
| Orange Cake | Gluten Free Almond Shortbread Cookies |
| Chocolate Cake | Organic Alphabet Soup |
| Spinach Pizza | Gluten Free Teriyaki Wrap |
| Mushroom & Olive Pizza | Gluten Free Indian Aloo Mattar Wrap |
| Roasted Vegetable Pizza | Gluten Free Pound Cake |
| 3 Cheese Pizza with Cornmeal Crust | Light & Lean Cheese Pizza |
| Margherita Pizza | Light & Lean Italian Vegetable Pizza |
| Rice Crust Spinach Pizza | Vegetable Parmesan Bowl |
| Light in Sodium Single Serve Spinach Pizza | Organic Chunky Tomato Bisque |
| Single Serve Rice Crust Roasted Vegetable Pizza | Organic Light in Sodium Butternut Squash Soup |
| Light & Lean Black Bean & Cheese Enchilada | Organic Light in Sodium Cream of Tomato Soup |
| Gluten Free Chocolate Chip Shortbread Cookies | Organic Light in Sodium Chunky Tomato Bisque |

14. Exemplar labels are provided below:





15. Amy's Kitchen's product labeling fails to accurately identify sugar as an ingredient of its products. Rather, the label identifies "Evaporated Cane Juice" as an ingredient, despite the fact that the FDA has specifically warned companies not to use the term "Evaporated

- 5 -

Cane Juice" because (1) it is "false and misleading;" (2) its use is in violation of a number of labeling regulations designed to ensure that manufacturers label their products with the common and usual names of the ingredients they use and accurately describe the ingredients they utilize; and (3) the ingredient in question is not a juice.

16. According to the FDA's published policy, "evaporated cane juice" is simply a deceptive way of describing sugar, and therefore, it is false and misleading to dress up sugar as a type of "juice."

17. In October of 2009, the FDA issued Guidance for Industry: Ingredients Declared as Evaporated Cane Juice, which advised industry and that:

> [T]he term "evaporated cane juice" has started to appear as an ingredient on food labels, most commonly to declare the presence of sweeteners derived from sugar cane syrup. **However, FDA's current policy is that sweeteners derived from sugar cane syrup should not be declared as "evaporated cane juice" because that term falsely suggests that the sweeteners are juice…**
>
> "Juice" is defined by 21 CFR 120.1(a) as "the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any concentrates of such liquid or puree." …
>
> As provided in 21 CFR 101.4(a)(1), "Ingredients required to be declared on the label or labeling of a food . . . shall be listed by common or usual name . . . ." The common or usual name for an ingredient is the name established by common usage or by regulation (21 CFR 102.5(d)). The common or usual name must accurately describe the basic nature of the food or its characterizing properties or ingredients, and may not be "confusingly similar to the name of any other food that is not reasonably encompassed within the same name" (21 CFR 102.5(a))…
>
> Sugar cane products with common or usual names defined by regulation are sugar (21 CFR 101.4(b)(20)) and cane sirup (alternatively spelled "syrup") (21 CFR 168.130). Other sugar cane products have common or usual names established by common usage (e.g., molasses, raw sugar, brown sugar, turbinado sugar, muscovado sugar, and demerara sugar)…
>
> **The intent of this draft guidance is to advise the regulated industry of FDA's view that the term "evaporated cane juice" is not the common or usual name of any type of sweetener, including dried cane syrup. Because cane syrup has a standard of identity defined by regulation in 21 CFR 168.130, the common**

> **or usual name for the solid or dried form of cane syrup is "dried cane syrup."…**
>
> **Sweeteners derived from sugar cane syrup should not be listed in the ingredient declaration by names which suggest that the ingredients are juice, such as "evaporated cane juice." FDA considers such representations to be false and misleading under section 403(a)(1) of the Act (21 U.S.C. 343(a)(1)) because they fail to reveal the basic nature of the food and its characterizing properties (i.e., that the ingredients are sugars or syrups) as required by 21 CFR 102.5.** Furthermore, sweeteners derived from sugar cane syrup are not juice and should not be included in the percentage juice declaration on the labels of beverages that are represented to contain fruit or vegetable juice (see 21 CFR 101.30).

http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLabelingNutrition/ucm181491.html (emphasis added)

18. The FDA's position is thus clear that "evaporated cane juice" labels are "false and misleading."

19. Despite the issuance of the 2009 FDA Guidance, Amy's Kitchen did not remove the unlawful and misleading food labeling ingredient from their misbranded food products.

20. Such products mislead consumers into paying a premium price for products that do not satisfy the minimum standards established by law for those products and for inferior or undesirable ingredients or for products that contain ingredients not listed on the label.

21. Amy's Kitchen's false, unlawful, and misleading product descriptions and ingredient listings render these products misbranded under Florida law. Specifically, Section 500.04 of the Florida Food Safety Act prohibits the manufacture, sale or delivery of "misbranded food." Food is "misbranded" when "its labeling is false or misleading in any particular" or when a food is "offered for sale under the name of another food." Fla. Stat. § 500.11(1)(a) & (b). Misbranded products cannot be legally sold and are legally worthless.

22. Plaintiff and the class paid a premium price for their Amy's Kitchen products with ECJ.

23. Plaintiff and the Class have been damaged by Amy's Kitchen's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had Amy's Kitchen not misrepresented the products' ingredients.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this case as a class action pursuant to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201-501.213. Plaintiff seeks certification of the following Class: All individuals who purchased any Amy's Kitchen product with ECJ for consumption and not resale in Florida after April 29, 2009 up to and including the present (the "Class"). Excluded from the Class are employees, officers, and directors of Amy's Kitchen.

25. This action is proper for class treatment under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are thousands of Class numbers. Thus, the Class is so numerous that individual joinder of all Class members is impracticable.

26. Questions of law and fact arise from Defendant's conduct described herein. Such questions are common to all Class members and predominate over any questions affecting only individual Class members and include:

    a. whether listing sugar as ECJ on its products is false and misleading;

    b. whether listing the ingredient "evaporated cane juice" is misleading because it is not "juice";

    c. whether identifying sugar as ECJ renders the products at issue misbranded;

    d. whether Amy's Kitchen failed to disclose to consumers that ECJ is an unlawful term that is merely sugar or dried cane syrup;

    e. whether Amy's Kitchen engaged in a marketing practice intended to deceive consumers by substituting the term ECJ for sugar in their products;

f.  whether Amy's Kitchen's marketing practices violate FDUTPA;

g.  whether Amy's Kitchen has been unjustly enriched at the expense of Plaintiff and the other Class members by its misconduct;

h.  whether Amy's Kitchen must disgorge any and all profits it has made as a result of its misconduct; and

i.  whether Amy's Kitchen should be barred from marketing its products as listing ECJ as an ingredient.

27. Plaintiff will fairly and adequately represent and pursue the interests of the Class. Plaintiff's counsel has vast experience in litigating consumer class action cases. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class.

## COUNT I- INJUNCTION FOR VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

28. Plaintiff realleges and incorporates by reference paragraphs 1 - 27 herein and further alleges as follows:

29. This is a claim for an injunction for violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101.

30. FDUTPA provides that unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct "of any trade or commerce" are unlawful. Fla. Stat. §501.204. Under FDUTPA, "trade or commerce" is defined to include any advertisement or solicitation relating to any "thing of value." Fla. Stat. §501.203(8).

31. Plaintiff and the other Class members are consumers as defined and construed under FDUTPA, Fla. Stat. §§501.201-501.213. Further, Plaintiff and the other Class members are "aggrieved" by the sale of products listing ECJ as an ingredient in that they purchased said products.

32. The practices employed by Defendant, whereby Defendant advertised, promoted, and marketed that its products contain ECJ are unfair, deceptive, and misleading. In addition, the practice employed by Defendant, whereby Defendant sold, promoted and marketed that its products contain ECJ constitutes a *per se* violation of FDUTPA under Section 501.203(3)(c) because it is in violation of the Florida Food Safety Act, Fla. Stat. § 500.04 (1) and (2) in that said products are misbranded.

33. Amy's Kitchen should be enjoined from marketing their products as containing ECJ as described above pursuant to Fla. Stat. § 501.211(1).

**WHEREFORE,** Plaintiff, on behalf of herself and all others similarly situated, respectfully demands a judgment enjoining Amy's Kitchen's conduct, awarding costs of this proceeding and attorney's fees, as provided by Fla. Stat. § 501.2105, and such other relief as this Court deems just and proper.

### COUNT II- VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

34. Plaintiff realleges and incorporates by reference paragraphs 1 - 27 herein and further alleges as follows:

35. This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101.

36. FDUTPA provides that unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct "of any trade or commerce" are unlawful. Fla. Stat. §501.204. Under FDUTPA, "trade or commerce" is defined to include any advertisement or solicitation relating to any "thing of value." Fla. Stat. §501.203(8).

37. Plaintiff and the other Class members are consumers as defined and construed under FDUTPA, Fla. Stat. §§501.201-501.213.

38. The practices employed by Defendant, whereby Defendant advertised, promoted, and marketed that its products contain ECJ are unfair, deceptive, and misleading. In addition, the practice employed by Defendant, whereby Defendant sold, promoted and marketed that its products contain ECJ constitutes a *per se* violation of FDUTPA under Section 501.203(3)(c) because it is in violation of the Florida Food Safety Act, Fla. Stat. § 500.04 (1) and (2) in that said products are misbranded.

39. Plaintiff and the other Class members suffered a loss as a result of Amy's Kitchen's deceptive and unfair trade acts. Specifically, as a result of Amy's Kitchen's deceptive and unfair trade acts and practices, Plaintiff and the other Class members suffered monetary losses associated with the purchase of Amy's Kitchen products with ECJ, *i.e.*, the purchase price of the product and/or the premium paid by Plaintiff and the Class for said products.

**WHEREFORE,** Plaintiff, on behalf of herself and all others similarly situated, respectfully demands an award against Amy's Kitchen for actual and/or compensatory damages, in addition to the costs of this proceeding and attorney's fees, as provided by Fla. Stat. § 501.2105, and such other relief as this Court deems just and proper.

## COUNT III- UNJUST ENRICHMENT

40. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 - 27 herein and further alleges as follows:

41. Amy's Kitchen received certain monies as a result of its uniform deceptive marketing of its products with ECJ that are excessive and unreasonable.

42. Plaintiff and the Class conferred a benefit on Amy's Kitchen through purchasing its products with ECJ, and Amy's Kitchen has knowledge of this benefit and has voluntarily accepted and retained the benefits conferred on it.

43. Amy's Kitchen will be unjustly enriched if it is allowed to retain such funds, and each Class member is entitled to an amount equal to the amount they enriched Amy's Kitchen and for which Amy's Kitchen has been unjustly enriched.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, demands an award against Amy's Kitchen for the amounts equal to the amount each Class member enriched Amy's Kitchen and for which Amy's Kitchen has been unjustly enriched, and such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

44. Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Dated: April 29, 2013         Respectfully submitted,

s/ Lance A. Harke
Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com
Sarah Clasby Engel, P.A.
Florida Bar No. 991030
sengel@harkeclasby.com
Howard M. Bushman, P.A.
Florida Bar No. 0364230
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone:    (305) 536-8220
Facsimile:    (305) 536-8229