**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 1:13-cv-21525-JIC

LESLIE REILLY, an individual,
on behalf of herself and all others similarly
situated,

    Plaintiff,

v.

AMY'S KITCHEN, INC.,
a California corporation,

    Defendant.

_____/

**DEFENDANT AMY'S KITCHEN, INC.'s**
**UNOPPOSED (AS TO RELIEF SOUGHT)**
**MOTION FOR THREE-MONTH CONTINUANCE**

There are now three virtually identical class action lawsuits pending against Defendant Amy's Kitchen, Inc. ("Defendant" or "Amy's Kitchen") relating to its identification of the ingredient "evaporated cane juice" ("ECJ") on its labels, including a nationwide class action in California and an Illinois class action in Illinois (which was just served).[1]  Amy's Kitchen recently retained the law firm of Mayer Brown LLP as lead counsel for its ECJ lawsuits, including this action.  Mayer Brown is still in the process of familiarizing itself with this case.  Thousands of documents have already been produced, and Plaintiff's counsel agreed that Mayer Brown should have time to review the document production before forcing counsel to prepare and defend witnesses at their depositions.  Accordingly, as a professional courtesy to Mayer

---

[1] *See* Request for Judicial Notice, filed November 13, 2013 (Dkt. 48) attaching complaints in (1) *Figy v. Amy's Kitchen, Inc.*, No. 3:13-cv-03816-SI, pending in the Northern District of California, and (2) *Gilbert v. Amy's Kitchen, Inc.*, No. 2013-L-011629, pending in the Circuit Court of Cook County, Illinois.

Brown and given the firm's recent appearance in this case, Plaintiff does not oppose the relief requested in this motion.[2]

There is another important reason for the requested continuance based on the multiple lawsuits against Amy's Kitchen. Hoping to avoid burdening the courts with motions to transfer and other filings designed to address the duplicate lawsuits, counsel for Amy's Kitchen and counsel for plaintiffs in the cases are meeting and conferring in an effort to reach an informal agreement regarding consolidation and to conserve the resources of the parties and courts. At the same time, the parties are meeting and conferring to try to avoid discovery disputes and overlap relating to the current posture of the cases. Amy's Kitchen is seeking to coordinate discovery with the plaintiffs in the other cases to avoid, among other things, countless duplicative depositions. Without relief from the current schedule in this case, plaintiffs here will press forward, requiring Amy's Kitchen to make numerous motions in this and the other cases to protect it and the courts from simultaneously litigating many of the same issues around the country.[3]

Finally, Amy's Kitchen's Motion to Dismiss the Complaint remains pending, and an adjudication of the Motion to Dismiss could dispense with the Complaint in its entirety or narrow the issues for discovery, again conserving the parties' and judicial resources.

---

[2] However, Plaintiff has indicated that her non-opposition to the relief requested is limited to the fact that Mayer Brown has recently appeared in this case, and her non-opposition does not extend to any other arguments Amy's Kitchen may make in the motion.

[3] Amy's Kitchen previously sought a continuance of the trial and associated pre-trial dates (Dkt. 21), which was denied by the Court (Dkt. 23). But, the prior request was made *before* the two duplicative cases were filed, the existence of the current record of potential duplication and inefficiencies and the appearance by Mayer Brown. Moreover, the Court's denial of Amy's Kitchen's first motion was expressly "without prejudice" to the filing of this request based on the additional good cause factors present "at this time."

For these reasons, Amy's Kitchen, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7.6, hereby moves the Court for a three-month continuance of the trial date in this case from the week of April 28, 2014 to the week of July 28, 2014. Accordingly, Plaintiff will not suffer any prejudice if this motion is granted. Good cause exists to grant a limited extension of the trial date and pre-trial deadlines. *See* Fed. R. Civ. P. 1; *see* Declaration of Dale J. Giali, attached hereto as **Exhibit A**.

## I.     LEGAL BACKGROUND

The decision whether to grant a continuance is within the sound discretion of the trial court. *See Arabian Am. Oil Co. v. Scarfone,* 939 F.2d 1472, 1479 (11th Cir.1991). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A continuance may be granted upon written notice served and filed at the earliest practical date prior to the trial, pretrial conference, or other hearing, and supported by affidavit setting forth a full showing of good cause." Local Rule 7.6.

The Court should look at the following factors when determining whether to grant a continuance:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial.

*Gastaldi v. Sunvest Resort Cmtys., LC*, 709 F. Supp. 2d 1284, 1291 (quoting *Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008)).

## II.     ARGUMENT

Plaintiff filed her Complaint on April 29, 2013, and the Court entered the Order setting the trial date two days later. Amy's Kitchen has been diligent in advancing the case. Amy's Kitchen filed a Motion to Dismiss, the parties have engaged in discovery (including written discovery, exchange of documents, and depositions), and the parties participated in a mediation that was unsuccessful.

Since this Complaint was filed, two similar complaints regarding the labeling of evaporated cane juice on Amy's Kitchen's products have been filed, including one complaint that was just served on Amy's Kitchen last week. Specifically, on August 16, 2013, a complaint was filed in the matter of *Figy v. Amy's Kitchen, Inc.*, No. 3:13-cv-03816-SI, in the Northern District of California. *See* Amy's November 13, 2013 Request for Judicial Notice, Dkt. 48. *Figy* is a nationwide class action under California law and, accordingly, is filed on behalf of the same putative consumer class covered in this action. On October 21, 2013, a complaint was filed in the matter of *Gilbert v. Amy's Kitchen, Inc.*, No. 2013-L-011629, in the Circuit Court of Cook County, Illinois. *See* Amy's November 13, 2013 Request for Judicial Notice, Dkt. 48. Amy's Kitchen was only recently served with the *Gilbert* lawsuit, which is an Illinois class action under Illinois law. Because this action and the *Figy* and *Gilbert* lawsuits all involve the same issues, Amy's Kitchen has begun discussions with plaintiffs' counsel in the three lawsuits on the issue of consolidating the three suits in one forum, and also coordinating discovery in the three cases.

Further, Amy's Kitchen recently changed lead counsel, retaining Mayer Brown on November 8, 2013. While Mayer Brown is moving as quickly as possible to familiarize itself with this case, Mayer Brown nonetheless requires additional time to adequately acquaint itself with the case. As just one example, Amy's Kitchen recently produced thousands of pages of

4

documents in this case, and new counsel requires time at least to review those documents before being able to prepare and defend witnesses for their depositions.

Additionally, Amy's Kitchen's Motion to Dismiss remains pending and could dispose of the entire case, or narrow the issues of the case, and thus, narrow the scope of discovery. A continuance would allow the parties to conserve their resources in such an event.

Finally, as evidenced by her agreement to this requested continuance on the grounds that Mayer Brown was recently retained, Plaintiff is not currently being harmed and will not be harmed by a continuance. A short continuance will not work to the disadvantage of Plaintiff or her counsel. Conversely, not granting a continuance would expose all parties to unnecessary costs, duplicative proceedings, potentially-inconsistent rulings, and a waste of judicial resources in this Court and at least two others. Thus, Amy's Kitchen requests that the Court briefly continue the trial date and pre-trial deadlines.

### III.   CONCLUSION

Based on the requested three-month continuance, Amy's Kitchen, in good faith and upon good cause, requests that the Court amend the following dates in its July 9, 2013 Scheduling Order:

| | |
|---|---|
| Fact Discovery Completed | April 4, 2014 |
| Expert Discovery Completed | April 18, 2014 |
| Dispositive Pretrial Motions and Motions to Exclude or Limit Expert Testimony | May 22, 2014 |
| Motions in Limine | July 11, 2014 |
| Responses to Motions in Limine, Joint Pretrial Stipulation, and Designation of Deposition Excerpts for Trial | July 21, 2014 |
| Submission of Voir Dire Questions and Objections to Deposition Designations | Day of Calendar Call July 24, 2014 |
| Trial Date | Week of July 28, 2014 |

A proposed order granting this Motion is attached hereto as **Exhibit B**.

5

WHEREFORE, for good cause shown, Amy's Kitchen respectfully requests that this Court grant a continuance of the trial date and change the associated pretrial deadlines.

## GOOD FAITH CERTIFICATION

Undersigned counsel hereby certify that they have discussed their desire for this continuance with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion. Plaintiff's counsel does not oppose this motion on the grounds that Mayer Brown was recently retained as lead counsel for Amy's Kitchen. However, Plaintiff does object to the other two grounds stated in this motion.

Date: November 25, 2013              Respectfully submitted,

By: */s/ Sandra J. Millor*

LAWRENCE SILVERMAN
Florida Bar No. 7160
lawrence.silverman@akerman.com
SANDRA J. MILLOR
Florida Bar No. 13742
sandra.millor@akerman.com

*and*

**AKERMAN LLP**
(f/k/a Akerman Senterfitt)
One S.E. Third Avenue — 25th Floor
Miami, FL 33131-1714
Tel: 305-374-5600
Fax: 305-374-5095

DALE J. GIALI (admitted *Pro Hac Vice*)
California State Bar No. 150382
DGiali@mayerbrown.com
MICHAEL L. RESCH (admitted *Pro Hac Vice*)
California State Bar No. 202909
MResch@mayerbrown.com
ANDREA M. WEISS (admitted *Pro Hac Vice*)
California State Bar No. 252429
AWeiss@mayerbrown.com

**MAYER BROWN LLP**
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel: 213-229-9500
Fax: 213-625-0248

**Attorneys for Defendant Amy's Kitchen, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF this 25th day of November 2013.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via Notice of Electronic Filing generated by CM/ECF.

*/s/ Sandra J. Millor*__
SANDRA J. MILLOR

**SERVICE LIST:**

Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com

Sarah Clasby Engel, P.A.
Florida Bar No. 991030
sengel@harkeclasby.com

Howard M. Bushman, P.A.
Florida Bar No. 0364230
hbushman@harkeclasby.com

**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-822

*Co-Counsel for Plaintiffs*