UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:13-cv-21525-JIC

LESLIE REILLY, an individual,
on behalf of herself and all others similarly
situated,
        Plaintiff,

v.

AMY'S KITCHEN, INC.,
a California corporation,

        Defendant.
_____/

## PLAINTIFF'S RESPONSE TO FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Leslie Reilly, (hereinafter "Plaintiff"), hereby submits this response to the latest notice of supplemental authority filed by the Defendant Amy's Kitchen, Inc. [D.E. 56].

In now a fifth "notice" of supplemental authority, Defendant has greatly exceeded the rules and local custom in this Court by using the supplemental notice process to substantively argue and reargue points already made in their motion papers. Adding up all five "notices," Defendant has managed to slip in 27 additional paragraphs of substantive argument without leave of Court. At some point, this needs to stop.

The fifth "notice" is illustrative of this abusive practice – rather than simply attaching the California Amy's Kitchen ECJ opinion and noting its relevance (if any), Defendant launches into lengthy re-argument of its unavailing primary jurisdiction position. The attached opinion, however, doesn't touch on this issue at all – it merely requires the plaintiff to specifically plead reliance under the unique requirements of California's UCL law. Accordingly, the new opinion does not reasonably bear on primary jurisdiction or, indeed, on any pending issue before this

CASE NO.: 1:13-cv-21525-JIC

Court as there is no reliance requirement under the Florida's Deceptive and Unfair Trade Practices Act.

There appears to be no self-governing limit to the Defendant's use or misuse of the supplemental authority process, and rather than engage in the same tactics, Plaintiff respectfully requests Defendant refrain from an endless succession of additional "notices" containing substantive re-argument or – failing that – that the Court strike the notices which violate the rules and custom of this Court.

Respectfully submitted,

s/ Lance A. Harke
Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com
Sarah Clasby Engel, P.A.
Florida Bar No. 991030
sengel@harkeclasby.com
Howard M. Bushman, P.A.
Florida Bar No. 0364230
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone:   (305) 536-8220
Telecopier:   (305) 536-8229

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of November 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

s/ Lance A. Harke

CASE NO.: 1:13-cv-21525-JIC

## SERVICE LIST

| | |
|---|---|
| Dale J. Giali (*Pro Hac Vice*) <br> California State Bar No. 150382 <br> DGiali@mayerbrown.com <br> Michael L. Resch (*Pro Hac Vice*) <br> California State Bar No. 202909 <br> MResch@mayerbrown.com <br> Andrea M. Weiss (*Pro Hac Vice*) <br> California State Bar No. 252429 <br> AWeiss@mayerbrown.com <br> **MAYER BROWN LLP** <br> 350 South Grand Avenue, 25th Floor <br> Los Angeles, CA 90071 <br> Tel: 213-229-9500 <br> Fax: 213-625-0248 <br> *Attorneys for Defendant Amy's Kitchen, Inc.* <br><br> *Served Via CM/ECF Transmission* | Lawrence Silverman, Esq. <br> Florida Bar No. 7160 <br> lawrence.silverman@akerman.com <br> Sandra J. Millor, Esq. <br> Florida Bar No. 13742 <br> sandra.millor@akerman.com <br> **AKERMAN SENTERFITT** <br> One S.E. Third Avenue — 25th Floor <br> Miami, FL 33131-1714 <br> Telephone: 305-374-5600 <br> Facsimile: 305-374-5095 <br> *Attorneys for Defendant Amy's Kitchen, Inc.* <br><br> *Served Via CM/ECF Transmission* |