## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:13-cv-21525-COHN-SELTZER

LESLIE REILLY, an individual,
on behalf of herself and all others similarly
situated,

        Plaintiff,

v.

AMY'S KITCHEN, INC.,
a California corporation,

        Defendant.
_____/

### PLAINTIFF'S MOTION FOR DETERMINATION OF CLAIM OF PRIVILEGE

Pursuant to Federal Rule of Civil Procedure 26(B)(5)(b), Plaintiff moves for a determination by the Court as to the validity of Defendant Amy's Kitchen, Inc.'s ("Defendant") claim that two documents are allegedly privileged and were inadvertently produced to Plaintiff. *See* Composite Exhibit A (documents marked AK0009977 to AK0010005 and AK0003113 to AK0003141) filed under seal. It is Plaintiff's position that Defendant has not established that the documents are privileged and any privilege that may have attached has been waived because defense counsel did not inadvertently produce them but instead intentionally redacted certain information and voluntarily produced them to Plaintiff.

On November 7, 2013, Defendant's prior counsel produced documents responsive to Plaintiff's First Request for Production, including the two documents at issue. *See* Letter to H. Bushman from D. Behr, attached hereto as Exhibit B. Plaintiff's counsel promptly reviewed all of the documents Defendant produced. On November 27, 2013, Defendant's new counsel sent a letter to Plaintiff claiming that these two documents were "inadvertently produced" and that they

are privileged. *See* Letter from Michael L. Resch, attached hereto as Exhibit C. Immediately upon receipt of this letter, pursuant to Rule 26(B)(5)(b), Plaintiff's counsel sequestered the documents at issue and has destroyed all additional copies.

The Advisory Committee Notes addressing Rule 26(b)(5)(B) state that "[a] party asserting a claim of privilege or protection after production must give notice to the receiving party. . . . The notice should be as specific as possible in identifying the information and stating the basis for the claim. Because the receiving party must decide whether to challenge the claim and may sequester the information and submit it to the court for a ruling on whether the claimed privilege or protection applies and whether it has been waived, the notice should be sufficiently detailed so as to enable the receiving party and the court to understand the basis for the claim and to determine whether waiver has occurred." *See St. Cyr v. Flying J, Inc.*, 2008 WL 209761 at *4 (M.D. Fla. 2008). Here, Defendant has not established that the production was inadvertent or that a privilege ever attached to the documents in the first place.

Predecessor defense counsel clearly produced the documents after careful review. In fact, counsel redacted a portion of both documents with a stamp stating "**Redacted for Privilege**" and confirmed that "[a]ll privileged documents have been withheld." Exhibit B. Defendant fails to explain how documents that have been reviewed by counsel for privilege, redacted, and then subsequently produced can possibly be "inadvertently" produced. Further, no detail whatsoever has been provided in support of the defense claim of privilege. Merely stating that they were "generated with the assistance of counsel, reflect attorney-client communication, [and] contain information falling under the attorney work product doctrine" does not make it so. Exhibit C. Defendant has failed to sustain its burden of showing an applicable privilege.

CASE NO.: 1:13-cv-21525-COHN-SELTZER

Plaintiff therefore respectfully asks that the Court deny the privilege claim and permit Plaintiff to remove these documents from sequester and use them for any purpose in this litigation. Further, Plaintiff respectfully requests that the Court order Defendant to produce unredacted copies of the documents for inspection *in camera* to determine if the redactions made based on privilege are appropriate.

Respectfully submitted,

s/ Lance A. Harke
Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com
Sarah Clasby Engel, P.A.
Florida Bar No. 991030
sengel@harkeclasby.com
Howard M. Bushman, P.A.
Florida Bar No. 0364230
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone:   (305) 536-8220
Telecopier:  (305) 536-8229

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

s/ Lance A. Harke

CASE NO.: 1:13-cv-21525-COHN-SELTZER

## SERVICE LIST

Dale J. Giali (*Pro Hac Vice*)
California State Bar No. 150382
DGiali@mayerbrown.com
Michael L. Resch (*Pro Hac Vice*)
California State Bar No. 202909
MResch@mayerbrown.com
Andrea M. Weiss (*Pro Hac Vice*)
California State Bar No. 252429
AWeiss@mayerbrown.com
**MAYER BROWN LLP**
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel: 213-229-9500
Fax: 213-625-0248
*Attorneys for Defendant Amy's Kitchen, Inc.*

*Served Via CM/ECF Transmission*

Lawrence Silverman, Esq.
Florida Bar No. 7160
lawrence.silverman@akerman.com
Sandra J. Millor, Esq.
Florida Bar No. 13742
sandra.millor@akerman.com
**AKERMAN SENTERFITT**
One S.E. Third Avenue — 25th Floor
Miami, FL 33131-1714
Telephone: 305-374-5600
Facsimile: 305-374-5095
*Attorneys for Defendant Amy's Kitchen, Inc.*

*Served Via CM/ECF Transmission*