UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:13-cv-21525-JIC

LESLIE REILLY, an individual,
on behalf of herself and all others similarly
situated,

    Plaintiff,

v.

AMY'S KITCHEN, INC.,
a California corporation,

    Defendant.
_____/

## DEFENDANT AMY'S KITCHEN, INC.'S ANSWER

In its December 9, 2013 Order Granting In Part And Denying In Part Defendant's Motion To Dismiss [DE 60] (the "Order"), this Court dismissed with prejudice any claims in plaintiff's Complaint [DE 1] based on the 57 products that plaintiff did not allege to have purchased (Order at 5).  Substantial portions of the Complaint are therefore inoperative.  In the Order, the Court directed defendant to file its answer to the complaint on or before December 23, 2013 (Order at 14), defendant Amy's Kitchen, Inc. ("Amy's Kitchen") therefore responds to the complaint, by and through its counsel, as follows.  Moreover, the Order revealed that plaintiff's allegations do not satisfy the "amount in controversy" requirement of the subject matter jurisdiction of this Court.  Accordingly, on December 20, 2013, Amy's Kitchen filed a motion to dismiss [DE 70] the Complaint for lack of subject matter jurisdiction.

## GENERAL DENIAL

Amy's Kitchen denies any and all liability under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101, and for unjust enrichment.  The complaint also

contains allegations pertaining to claims that were dismissed with prejudice by the Order, and thus no response is required. To the extent that a response is required, such allegations are denied. In addition, a number of allegations in the complaint state legal conclusions that do not require a response; to the extent that any response is required, such allegations are denied. Finally, the complaint contains several headings that do not require a response. To the extent that a response is required, any allegations in the headings are denied.

## SPECIFIC RESPONSES

### "INTRODUCTION"

1. Paragraph 1 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen lacks knowledge or information sufficient to form a belief as to the truth of whether plaintiff purchased any Amy's Kitchen products, and therefore, the allegation is denied. Amy's Kitchen denies that a class action is legally valid or appropriate. Amy's Kitchen admits that plaintiff purports to define the class period for this putative class action as April 29, 2009 to the present.

2. Paragraph 2 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen admits that at times relevant to this action it listed "evaporated cane juice" as an ingredient on the three products allegedly purchased by plaintiff. Amy's Kitchen denies all other allegations in paragraph 2.

3. Amy's Kitchen denies the allegations in paragraph 3.

4. Amy's Kitchen denies the allegations in paragraph 4.

### "PARTIES, JURISDICTION, AND VENUE"

5. Amy's Kitchen lacks knowledge or information as to where plaintiff resides and whether or when plaintiff purchased Amy's Kitchen products, and on that basis denies the allegations of paragraph 5.

6. Paragraph 6 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Paragraph 6 includes allegations about "advertis[ing]" and "market[ing]," but Amy's Kitchen is unaware of what is being alleged and, on that basis, denies those allegations. Amy's Kitchen admits the remaining allegations in paragraph 6.

7. Paragraph 7 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Paragraph 7 sets forth legal conclusions as to which no response is necessary. To the extent a response is necessary, Amy's Kitchen admits that it has engaged in the sale of its products in Florida, and that it is authorized to do business in Florida. Paragraph 7 includes allegations about "advertis[ing]" and "market[ing]," but Amy's Kitchen is unaware of what is being alleged and, on that basis, denies those allegations. Amy's Kitchen denies the remaining allegations in paragraph 7.

8. Amy's Kitchen denies that this Court has subject matter jurisdiction over this action. The amount in controversy does not exceed the sum or value of $5,000,0000, excluding interests and costs. *See* Motion to Dismiss under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction [DE 70].

9. Paragraph 9 sets forth a legal conclusion as to which no response is necessary.

## "FACTUAL ALLEGATIONS"

10.     Paragraph 10 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required.  Amy's Kitchen admits that at times relevant to this action it listed "evaporated cane juice" as an ingredient on the three products allegedly purchased by plaintiff.  Paragraph 10 includes allegations about "advertis[ing]" and "market[ing]," but Amy's Kitchen is unaware of what is being alleged and, on that basis, denies those allegations.  Amy's Kitchen denies the remaining allegations in paragraph 10.

11.     Paragraph 11 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required.  Amy's Kitchen admits that at times relevant to this action it listed "evaporated cane juice" as an ingredient on the packaging for the three products allegedly purchased by plaintiff.

12.     Amy's Kitchen denies the allegations in paragraph 12.

13.     Paragraph 13 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required.  Amy's Kitchen admits that at times relevant to this action the three products allegedly purchased by plaintiff contained evaporated cane juice.

14.     Paragraph 14 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege to she purchased, and thus no response to those allegations is required.

15. Amy's Kitchen denies the allegations of paragraph 15, including that the term "evaporated cane juice" is false, misleading, or unlawful.

16. Amy's Kitchen denies plaintiff's characterization of FDA's so-called "policy," or that such a "policy" even exists, and otherwise denies the allegations of paragraph 16.

17. Amy's Kitchen denies plaintiff's characterization of FDA's so-called "guidance," or that such "guidance" even exists, and otherwise denies the allegations of paragraph 17.

18. Amy's Kitchen denies the allegations of paragraph 18.

19. Paragraph 19 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen denies the remaining allegations in paragraph 19, including the allegations purporting to state FDA's "guidance."

20. Paragraph 20 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen denies the remaining allegations in paragraph 20.

21. Paragraph 21 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen denies the remaining allegations in paragraph 21.

22. Paragraph 22 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen lacks

knowledge or information sufficient to form a belief as to the truth of whether plaintiff purchased any Amy's Kitchen products, and therefore, the allegation is denied.  Amy's Kitchen denies the remaining allegations in paragraph 22.

23.    Paragraph 23 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required.  Amy's Kitchen lacks knowledge or information sufficient to form a belief as to the truth of whether plaintiff purchased any Amy's Kitchen products, and therefore, the allegation is denied.  Amy's Kitchen denies the remaining allegations in paragraph 23.

## "CLASS ACTION ALLEGATIONS"

24.    Paragraph 24 sets forth plaintiff's desire to bring this lawsuit on behalf of a purported class and plaintiff's proposed definition of the purported class.  Paragraph 24 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required.  Amy's Kitchen denies that a class action is legally valid or appropriate.

25.    Amy's Kitchen denies the allegations in paragraph 25.

26.    Paragraph 26 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required.  Amy's Kitchen denies the remaining allegations in paragraph 26.

27.    Amy's Kitchen denies the allegations in paragraph 27.

## "COUNT I- INJUNCTION FOR VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT"

28. Amy's Kitchen repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to paragraph 28.

29. Paragraph 29 states conclusions of law to which no response is required. To the extent that a response is required, Amy's Kitchen denies the allegations in paragraph 29.

30. Paragraph 30 states conclusions of law to which no response is required. To the extent that a response is required, Amy's Kitchen denies the allegations in paragraph 30.

31. Paragraph 31 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen lacks knowledge or information sufficient to form a belief as to the truth of whether plaintiff purchased any Amy's Kitchen products, and therefore, the allegation is denied. Amy's Kitchen denies the remaining allegations in paragraph 31.

32. Paragraph 32 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Paragraph 32 includes allegations about "advertis[ing]," "promot[ing]" and "market[ing]," but Amy's Kitchen is unaware of what is being alleged and, on that basis, denies those allegations. Amy's Kitchen denies the remaining allegations in paragraph 32.

33. Paragraph 33 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen denies that the

relief sought by plaintiff is legally justified or appropriate, and denies the remaining allegations in paragraph 33.

Amy's Kitchen denies that plaintiff is entitled to any of the relief sought in Count I.

## "COUNT II- VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT"

34. Amy's Kitchen repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to paragraph 34.

35. Paragraph 35 states conclusions of law to which no response is required. To the extent that a response is required, Amy's Kitchen denies the allegations in paragraph 35.

36. Paragraph 36 states conclusions of law to which no response is required. To the extent that a response is required, Amy's Kitchen denies the allegations in paragraph 36.

37. Paragraph 37 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen denies the remaining allegations in paragraph 37.

38. Paragraph 38 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Paragraph 38 includes allegations about "advertis[ing]," "promot[ing]" and "market[ing]," but Amy's Kitchen is unaware of what is being alleged and, on that basis, denies those allegations. Amy's Kitchen denies the remaining allegations in paragraph 38.

39. Paragraph 39 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required. Amy's Kitchen lacks

knowledge or information sufficient to form a belief as to the truth of whether plaintiff purchased any Amy's Kitchen products, and therefore, the allegation is denied.  Amy's Kitchen denies that the relief sought by plaintiff is legally justified or appropriate, and denies the remaining allegations in paragraph 39.

Amy's Kitchen denies that plaintiff is entitled to any of the relief sought in Count II.

## "COUNT III- UNJUST ENRICHMENT"

40. Amy's Kitchen repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to paragraph 40.

41. Paragraph 41 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required.  Amy's Kitchen denies the remaining allegations in paragraph 41.

42. Paragraph 42 includes allegations pertaining to claims that were dismissed with prejudice by the Order, specifically claims relating to products that plaintiff did not allege she purchased, and thus no response to those allegations is required.  Amy's Kitchen lacks knowledge or information sufficient to form a belief as to the truth of whether plaintiff purchased any Amy's Kitchen products, and therefore, the allegation is denied.  Amy's Kitchen denies the remaining allegations in paragraph 42.

43. Amy's Kitchen denies that the relief sought by plaintiff is legally justified or appropriate, and denies the remaining allegations in paragraph 43.

Amy's Kitchen denies that plaintiff is entitled to any of the relief sought in Count III.

**"DEMAND FOR TRIAL BY JURY"**

44.     Paragraph 44 sets forth plaintiff's desire for a jury trial, and no response is necessary.

**AFFIRMATIVE DEFENSES**

Without assuming the burden to prove that which properly falls on plaintiff, or making any admissions or concessions in that regard, Amy's Kitchen pleads the following separate and additional reasons why plaintiff's complaint fails and why she should take nothing from Amy's Kitchen in this action.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure of Subject Matter Jurisdiction)**

The complaint and each purported cause of action therein fails to plead an amount in controversy sufficient to invoke the jurisdiction of this Court.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The complaint and each purported cause of action therein fails to plead facts sufficient to constitute a cause of action upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims against Amy's Kitchen, and those of the class she purports to represent, are barred in whole or in part by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff's claims, and those of the class she purports to represent, are barred in whole or in part by the doctrine of waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims, and those of the class she purports to represent, are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims, and those of the class she purports to represent, are barred in whole or in part by the doctrine of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction/Deference)

Plaintiff's claims, and those of the class she purports to represent, are barred in whole or in part by the doctrine of primary jurisdiction.  Plaintiff's claims, and those of the class she purports to represent, are further barred by reason of deference to the Congressional mandate of authority to the United States Food and Drug Administration ("FDA"), as the FDA's expertise in labeling law and promulgation of regulations thereto requires the Court to defer to the FDA in this area.

## EIGHTH AFFIRMATIVE DEFENSE

### (Implied and Express Preemption)

Plaintiff's claims, and those of the class she purports to represent, are barred in whole or in part because federal law (including the Federal Food, Drug, and Cosmetic Act and FDA regulations) expressly and impliedly preempts this action.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's claims, and those of the class she purports to represent, are barred in whole or in part by lack of standing.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims, and those of the class she purports to represent, are barred in whole or in part to the extent there is an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Statutes and Regulations)

Plaintiff's claims, and those of the class she purports to represent, are barred in whole or in part because Amy's Kitchen fully complied with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

The statements, acts, and omissions complained of in the complaint, if made or taken at all, were made or taken by Amy's Kitchen fairly, reasonably, and in good faith.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Legal Injury)

Plaintiff's claims, and those of the class she purports to represent, are barred in whole or in part, to the extent there is no legal injury.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Benefits Actually Received)

To the extent plaintiff seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the complaint, such benefits are not recoverable in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Amy's Kitchen's acts, if any, were neither the cause in fact nor the proximate cause of plaintiff's alleged damages, if any. Rather, the alleged acts, if any, were only secondary, inconsequential, and indirect, and in no way contributed to or caused the alleged damages of plaintiff or of putative class members.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Apportionment Required)

If plaintiff or putative class members have suffered any loss or damage, either as alleged in the complaint or at all, Amy's Kitchen is informed and believes, and thereon alleges, that such loss or damage was directly and proximately caused by persons or entities other than Amy's Kitchen. The liability of all responsible parties, named or unnamed, must be apportioned according to their relative degrees of fault or causation, and the liabilities of Amy's Kitchen, if any, must be reduced accordingly.

## SEVENTEETH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Acts and Omissions)

Amy's Kitchen is informed and believes, and thereon alleges, that any and all damages, if any, sustained by plaintiff and putative class members, were proximately caused, contributed to, or aggravated by the acts or omissions of plaintiff, or other persons or entities for which Amy's Kitchen is neither responsible nor liable. Said acts or omissions were an intervening and/or superseding cause of damages, if any, thus barring plaintiff and putative class members from any recovery against Amy's Kitchen.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Negligence of Plaintiffs)

Amy's Kitchen is informed and believes, and thereon alleges, that any and all damages, if any, sustained by plaintiff and putative class members, were legally and proximately caused and contributed to by the negligence, fault, assumption of risk, and other culpable conduct of plaintiff, and plaintiff's recovery in this action must be diminished in the proportion that such conduct contributed to plaintiff's alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and certain putative class members failed to mitigate their damages, if any, in the manner and to the extent required by law, and plaintiff's recovery, if any, must be reduced in proportion to the amount attributable to plaintiff's failure to mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Actions Comported With Prevailing Practices)

Plaintiff's claims, and those of the class she purports to represent, are barred, in whole or in part, because the alleged conduct of which plaintiff and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiff's claims, and those of the class she purports to represent, are barred, in whole or in part, by the First Amendment of the United States Constitution, and by similar provisions in the Florida Constitution that protect, among other things, the right of Amy's Kitchen to promote and advertise the products at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiff's claims, and those of the class she purports to represent, are barred, in whole or in part, to the extent that any damages sought are too speculative or remote, or are not otherwise supported by sufficient proof.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Legal Duty)

Plaintiff's claims, and those of the class she purports to represent, are barred, in whole or in part, because Amy's Kitchen did not owe a legal duty to plaintiff and putative class members or, if Amy's Kitchen owed a legal duty to plaintiff and putative class members, Amy's Kitchen did not breach that duty.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Abstention)

Plaintiff's claims, and those of the class she purports to represent, are barred, in whole or in part, because any relief sought would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Set-Off)

Plaintiff's claims, and those of the class she purports to represent, are barred, in whole or in part, because those claims are subject to set-off for the value of the benefits that plaintiff or putative class members received.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Class Certification Not Appropriate)

Plaintiff cannot maintain this action as a class action under Federal Rule of Civil Procedure Rule 23, and thus this action is improperly brought as a putative class action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Common Issues)

The complaint fails to state facts sufficient to prove that common issues of law or fact exist among the putative class members, and thus, this action is improperly brought as a putative class action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Inadequacy of Purported Class Representatives)

Plaintiff is an improper representative of the putative class she purports to represent and, thus, this action is improperly brought as a putative class action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Typicality)

Plaintiff's alleged claims are not typical of the putative class she purports to represent and, thus, this action is improperly brought as a class action.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Superiority)

The class action procedure is not the superior method for adjudicating plaintiff's claims or the claims of the putative class and thus, this action is improperly brought as a putative class action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Non-Actionable Subjective Statements)

Plaintiff's claims, and those of the class she purports to represent, are barred, in whole or in part, to the extent that any alleged deceptive statements constitute non-actionable subjective statements.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Subsequently Discovered Defenses)

Amy's Kitchen intends to rely upon other such defenses as may become apparent or legally available at a subsequent stage of this action, and hereby reserves its right to amend this Answer to assert such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Amy's Kitchen prays that the Court grant judgment against plaintiff on all claims asserted in the complaint and order that plaintiff take nothing; find that this suit cannot be maintained as a class action; enter judgment in favor of Amy's Kitchen; dismiss the complaint with prejudice; award Amy's Kitchen its costs and attorneys' fees incurred in defending this action, according to law and contract; and grant such other and further relief as the Court deems just and proper.

Dated: December 23, 2013              Respectfully submitted,

By: /s/ Sandra J. Millor
LAWRENCE SILVERMAN
Florida Bar No. 7160
lawrence.silverman@akerman.com
SANDRA J. MILLOR
Florida Bar No. 13742
sandra.millor@akerman.com

**AKERMAN LLP**
(f/k/a Akerman Senterfitt)
One S.E. Third Avenue — 25th Floor
Miami, FL 33131-1714
Tel: 305-374-5600
Fax: 305-374-5095

-and -

DALE J. GIALI (admitted *Pro Hac Vice*)
California State Bar No. 150382
DGiali@mayerbrown.com
MICHAEL L. RESCH (admitted *Pro Hac Vice*)
California State Bar No. 202909
MResch@mayerbrown.com
ANDREA M. WEISS (admitted *Pro Hac Vice*)
California State Bar No. 252429
AWeiss@mayerbrown.com

**MAYER BROWN LLP**
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

Tel: 213-229-9500
Fax: 213-625-0248

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF this 23rd day of December 2013.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via Notice of Electronic Filing generated by CM/ECF.

 _/s/ Sandra J. Millor_
 SANDRA J. MILLOR

**SERVICE LIST:**

Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com

Howard M. Bushman, P.A.
Florida Bar No. 0364230
hbushman@harkeclasby.com

**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-822

*Co-Counsel for Plaintiffs*