**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:13-cv-21525-COHN-SELTZER**

LESLIE REILLY, an individual,
on behalf of herself and all others similarly
situated,

Plaintiff,

v.

AMY'S KITCHEN, INC.,
a California corporation,

Defendant.
_____________________________________________/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF**
**ORDER ON MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiff respectfully seeks reconsideration of the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Order") [DE 60] dated December 9, 2013 to the extent that it dismisses "claims related to products Plaintiff did not purchase." Order at 5. The reason for this request is that, at this preliminary stage in the litigation, it would be manifestly unjust to narrowly define "claim" – in the absence of any contrary evidence – to each single, individual product in a product line that shares materially similar characteristics. Rather, plaintiff's "claim" – guided by relevant 11th Circuit precedent, a very recent ruling by the M.D. Fla, and by sister district courts addressing ECJ claims regularly in the 9th Circuit – should properly include not just the three products she purchased but also the other fifty seven substantially similar products sold by Defendant that all have Evaporated Cane Juice ("ECJ") on the label.

In *Prado-Steiman v. Bush*, 221 F.3d 1266, 1281 (11th Cir. 2000), the Court remanded the case to the trial court to determine if the class representatives had standing and instructed the

court to consider whether they had suffered the same injury as other class members as a result of Defendant's same "bad act." Thus, Plaintiff respectfully submits that it was error for the Court to conclude that Plaintiff must have purchased each individual product in order to have standing without considering Plaintiff's allegations that the products are materially the same and she has suffered the same injury as other class members. As more fully described below, the majority of federal courts that have recently considered this issue have taken into account the defendant's alleged misconduct and injury when more broadly deciding standing in the first instance, in the absence of contrary evidence or a developed factual record. Plaintiff therefore respectfully requests that the Court here do the same and deny the motion in its entirety.

## I. Introduction

In her Complaint [DE 1], Plaintiff alleges that Defendant has engaged in a uniform campaign whereby it conceals the fact that its' healthy food products have added sugar by referring to the sugar as "evaporated cane juice" or "ECJ," a "healthy" sounding name made up by the sugar industry. Complaint at ¶2. Plaintiff alleges that she consumed several of these products with ECJ and identified three of those products as illustrative examples, including the All American Veggie Burger, the Margherita Pizza, and the Light & Lean Black Bean & Cheese Enchilada. *Id.* at ¶5. Plaintiff also alleges that she and the class have all "been damaged by Amy's Kitchen's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had Amy's Kitchen not misrepresented the products' ingredients." *Id.* at ¶23. Plaintiff seeks to represent "[a]ll individuals who purchased any Amy's Kitchen product with ECJ for consumption and not resale in Florida after April 29, 2009 up to and including the present (the "Class").

In its Motion to Dismiss [DE 17], Defendant argues that Plaintiff only has standing to maintain a claim based on the three products she happened to purchase and not the fifty seven other substantially similar products it markets and sells with ECJ because "she cannot prove that she suffered any injury or lost money or property with respect to those products" she did not buy. *Id*. at 6. In support of this argument, Defendant proffered *but submitted no evidence* that "material differences—such as the type of product, the function of the ingredient within specific products, label graphics, and the presence of other sweeteners and total sugars—exist among the sixty products, resulting in the requirement that Plaintiff would have had to purchase every product that she seeks to challenge." Accordingly, Defendant has acknowledged that in order to prevail on its argument that plaintiff does not have standing, Defendant must establish (not merely allege) facts to support the proposition that the products are materially different and therefore must be treated as separate claims for purposes of standing.[1]

In its Order, the Court did not consider Plaintiff's allegations that the products here are substantially similar and that she has suffered the same injury as absent class members. Order at 5. Instead, the Court found that *Prado-Steiman* requires as a matter of law that each product be considered a separate "claim" and concludes that Plaintiff therefore lacks standing to bring claims based on products she did not purchase. *Id.* Because the Court ruled as a matter of law, it also concluded that "deferring the standing determination to the class certification stage will yield no different result." *Id.* Plaintiff respectfully requests that the Court reconsider this position and consistent with the holding in *Prado-Steiman* and the majority of courts that have

---

[1] In *Porter v. Chrysler Group LLC*, 2013 WL 6839872, at *2, n.2 (M.D. Fla. Dec. 27, 2013) the Court noted that the "Defendant seemingly acknowledges the fact-intensive nature of the inquiry by arguing that the MDS in the named Plaintiffs' truck is significantly different than the MDS in the other vehicles. If that is indeed the case, that factual question certainly cannot be taken up at this stage, when the Court is looking only at the pleadings. Plaintiffs have pled that the MDS are the same, and that is enough for now."

recently considered this issue, accept as true Plaintiff's allegations that there are no material differences in the products and the injury that would require their purchase to be treated as separate claims at this early stage of the proceedings. If the Court reconsiders and denies the motion to dismiss, Defendant will still have the opportunity to raise the standing issue again if it so chooses on class certification but would have to present evidence – as opposed to merely argument – that there are actual material differences in the products.

At this juncture, Plaintiff has adequately alleged that these products are labeled exactly the same way and that she has been injured in exactly the same way as any class member that purchased one of the sixty products labeled with ECJ instead of sugar. She has therefore sufficiently alleged standing to pursue one "claim" on behalf of the class.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 54(b), an interlocutory order on a motion to dismiss it is subject to revision at any time before the entry of a final judgment.[2] *See Inetianbor v. CashCall, Inc.*, 2013 WL 4494125 (S.D. Fla. Aug. 19, 2013) (citing *Coty Inc. v. C Lenu, Inc.*, 2007 U.S. Dist. LEXIS 95914, at *3 (S.D. Fla. Oct.11, 2007) ("A district court, in its discretion, can modify or vacate a non-final order at any point prior to the entry of a final judgment."). As the Court in *Inetianbor* noted, "[w]hile Rule 54(b) does not specify a standard for reconsideration, "the Advisory Committee Notes make clear that interlocutory judgments . . . are left subject to the complete power of the court rendering them to afford such relief as justice requires.' " *Grupo Televisa v. Telemundo Communs. Group, Inc.*, 2007 WL 4699017, at *1 (S.D.Fla. Oct. 11, 2007) (quoting Fed.R.Civ.P. 54(b), advisory committee's note).

---

[2] *Herman v. Hartford Life and Acc. Ins. Co.*, 2013 WL 530836, at *4 (11th Cir. Feb. 13, 2013) ("a district court's authority to revise interlocutory orders . . . comes from Rule 54(b)").

Generally, the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D.Fla. 2002) (citing *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D.Fla. 1992)). There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F.Supp.2d, at 1369. While "a motion for reconsideration should not be used to present authorities that were available at the time of the first decision, or to reiterate arguments previously made," a Court can reconsider its prior ruling if the movant can demonstrate "why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citing *Reyher v. Equitable Life Assur. Soc.*, 900 F. Supp. 428, 430 (M.D. Fla. 1995).

Respectfully, the Court should reverse its decision because it would be manifestly unjust to deprive Plaintiff of the opportunity afforded by the *Prado-Steiman* Court to establish standing by alleging and then proving that all of the products sold by Defendant with ECJ are materially the same and that her injury is the same as all Florida consumers that purchased Defendant's products with ECJ on the label. Further, the Court should also reconsider its position based on several new opinions right on point holding that a plaintiff in a consumer labeling case like this one has standing for materially similar products where she has alleged the same conduct and same injury as absent class members.

## III. Argument

In granting the motion to dismiss as to the fifty seven products Plaintiff did not purchase, the Court relied primarily on *Prado–Steiman* and the concept that "at least one named plaintiff must establish Article III standing for each class subclaim and that standing must be established "on a claim-by-claim basis within the Eleventh Circuit." Order at 5. While that is clearly the law in the Eleventh Circuit, the Court narrowly construed "claim" to mean sixty individual subclaims for each of the products that contain ECJ and are marketed and are sold in the exact same manner. *Id.* This conclusion is inconsistent with case law from the Eleventh Circuit and other circuits that have directly addressed this same standing issue.

*Prado-Steiman* holds that the Court should examine the alleged claim and injuries and consider evidence as to their similarity prior to ruling on standing at the class certification stage. *Prado-Steiman* was a Rule 23(f) appeal of an order granting class certification in a complex class action case against the Governor of the State of Florida and others alleging numerous violations of various federal statutes including the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. *Prado-Steiman*, 221 F.3d at 1269. On appeal, the Eleventh Circuit closely examined the Plaintiff's claims and injuries in order to determine whether the named representatives had standing to represent the class as alleged. *Id.* Specifically, the Court found that the class as defined appeared "to be composed of too many subgroups with disparate legal claims and that there were "sharp differences amongst class subgroups in the type of conduct challenged and the type of injury suffered." *Id.* at 1280. Further, the Court found that "[w]hile the alleged injuries of these subclasses may overlap to some degree, there are obvious and important differences" and "because the injury claims target different defendant conduct, the type of proof required for each claim necessarily will differ." *Id.* at 1281. As a result, the Court

did not dismiss the case but remanded it for the trial court to consider evidence regarding the standing issue and whether it could be remedied by the creation of subclasses. *Id.* at 1280 ("This inquiry (standing) is necessarily fact-specific and requires factual proffers, through affidavits and other evidentiary documents that have not been developed sufficiently as of now.").

Subsequent to its decision in *Prado-Steiman*, in a case based on similar facts, the Eleventh Circuit reiterated its requirement that evidence of the act alleged and the injury be considered at the class certification stage:

> We believe that a resolution of this standing/mootness challenge necessitates the same fact-specific inquiry required in *Prado–Steiman.* As in *Prado–Steiman,* this inquiry requires that we examine "factual proffers, through affidavits and other evidentiary documents that have not been developed sufficiently as of now." In accordance with our holding in *Prado–Steiman,* we remand this case to the district court and direct it to conduct an evidentiary inquiry to determine whether at least one named representative of the class has standing to bring a non-moot claim.

*Murray v. Auslander*, 244 F.3d 807, 810-11 (11th Cir. 2001).

The Middle District of Florida's recent opinion in *Porter v. Chrysler Group LLC*, 2013 WL 6839872, at *2 (M.D. Fla. Dec. 27, 2013), rendered after the Order here, is also instructive. In *Porter*, defendant Chrysler made the same argument on a motion to dismiss as the defendant in this case: Plaintiff lacked standing to represent the identified class because "it includes owners of vehicles other than the Dodge Ram that the named Plaintiffs purchased." *Id.* The Court denied the motion, finding that Plaintiff had sufficiently alleged the same defect in the vehicle and the same injury, and could therefore establish standing at the pleading stage. *Id.* (citing *Schlesinger v. Reservists Comm.' to Stop the War,* 418 U.S. 208, 216 (1974)(noting that a class representative must "suffer the same injury" as the class members to have standing); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."); *see also Jean v.*

*Torrese*, 278 F.R.D. 656 (S.D. Fla. 2011)(relying on *Prado-Steiman*, court found plaintiff had standing to maintain claim since she suffered the same injury as other class members).

Similarly, in this case Plaintiff alleges only one "bad act" by the Defendant and the same alleged injury to all consumers. Here, it makes no material difference whether Plaintiff purchased the "All-American Veggie Burger" or the "Bistro Veggie Burger." She was subjected to the same label and the same injury no matter which of the sixty products she purchased. It would be redundant, duplicative and inefficient to create a subclass for each product when the claim and the injury are alleged to be the same in every material respect and no evidence to the contrary has been presented.

Defendant asserts without evidence that there are in fact material differences that require Plaintiff to have purchased each product in order to establish standing. Motion to Dismiss at 6. However, Defendant did not submit an affidavit or other evidence as to these bare allegations nor did it explain why the Court should consider unproven assertions in opposition to a well-pled complaint on a motion to dismiss. Most importantly, however, Defendant fails to explain how or why any of these alleged "differences" are material at all to Plaintiff's claim relating to its practice of uniformly using the term ECJ instead of sugar on these sixty products. As the *Porter* Court explained, Defendant will have an opportunity to raise the standing issue and submit evidence at the class certification stage:

> Of course, as the litigation progresses, the named Plaintiffs will have to show by a higher standard of proof that they have Article III standing to raise the class claims before the Court can consider whether they adequately represent the proposed class. *See Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir.2000) ("[P]rior to the certification of a class ..., the district court must determine that at least one named class representative has Article III standing to raise each class subclaim."); *see also Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir.1987) (noting that "any analysis of class certification must begin with the issue of standing"). However, Plaintiffs need not prove that up now; such fact-intensive Article III standing inquiry is better suited to the class-certification

> stage. *See Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir.2001) (noting that standing in class actions is a fact-specific inquiry).

*Id.*

Further, while not binding, recent case law from other circuits is persuasive. Like the Eleventh Circuit, the Third and Ninth Circuits adhere to the same principle relied upon by the Court in this case, that "[s]tanding "is a jurisdictional element that must be satisfied prior to class certification." *Nelsen v. King County*, 895 F.2d 1248 (9th Cir. 1990) (citing *LaDuke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985). And like the Eleventh Circuit, many courts in other circuits that have recently considered standing in the context of a consumer class action have analyzed the similarities in the acts and the injuries and have held either the Plaintiff has adequately alleged standing (or not) and/or has deferred ruling until more evidence can be developed at the class certification stage (including several opinions rendered after Plaintiff filed her opposition to the motion to dismiss). *See e.g., Gitson v. Clover Stornetta Farms*, 2014 WL 172338 at *6 (N.D. Cal. Jan. 15, 2014) ("the fourteen accused products are all yogurt varieties that include OECJ as an ingredient . . . . Although there are some differences among the products, as in *Colluci*, on casual inspection the obvious difference is flavor. The Court holds that these products are sufficiently similar to those purchased by the two named Plaintiffs to survive the pleading stage"); *Luppino v. Mercedes-Benz USA, LLC*, 2013 WL 6047556, at *5 (D.N.J. Nov. 12, 2013)("dismissal of Plaintiffs' claims related to vehicle/wheel/tire combinations Plaintiffs did not purchase would be premature at this time"); *Durso v. Samsung Electronics America, Inc.*, 2013 WL 5947005, at *6 (D.N.J. Nov. 6, 2013) ("dismissal of Plaintiffs' claims related to products Plaintiffs did not purchase or defects Plaintiffs did not suffer would be premature at this time"); *Burke v. Weight Watchers Intern., Inc.*, 2013 WL 5701489, at *4 (D.N.J. Oct. 17, 2013) (denying motion to dismiss, holding that "though [plaintiff] purchased only two kinds of Weight Watchers

Diet Bars . . . [t]he basis for [plaintiff's] claims is the same with respect to all of the Diet Bars, the Diet Bars are closely related because they belong to the same product line, and the Defendants are the same"); *Werdebaugh v. Blue Diamond Growers*, 2013 WL 5487236, at *13-14 (N.D. Cal. Oct. 2, 2013); *Brazil v. Dole Food Co.* (*Brazil II*), 2013 WL 5312418, at *7-8 (N.D. Cal. Sept. 23, 2013); *Parker v. J.M. Smucker Co.*, 2013 WL 4516156, at *3 (N.D. Cal. Aug. 23, 2013) ("The Court finds that there is sufficient similarity between Crisco Pure Vegetable Oil and the other three Oils identified in Plaintiff's FAC. They are all the same kind of product. They all have highly similar labels. Plaintiff alleges the same actionable conduct as to each of them. This is enough for the Court to conclude that Plaintiff has standing to sue for alleged mislabeling of all four Oils."); *Clancy v. Bromley Tea Co.*, 2013 WL 4081632, at *4 (N.D. Cal. Aug. 9, 2013) ("the question of whether a proposed class can bring claims related to other products is an issue properly addressed at the class certification stage"); *Stewart v. Smart Balance, Inc.*, 2012 WL 4168584, at *16 (D.N.J. June 26, 2012) (same); *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) ("a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar."); *Colucci v. ZonePerfect Nutrition Co. 2*012 WL 6737800, at *4 (N.D. Cal. Dec. 28, 2012) (same); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766, at *11-13 (N.D. Cal. July 20, 2012) (same).

In *Bruton v. Gerber Products Co.*, 2014 WL 172111 (N.D. Cal. Jan. 15, 2014), the Court recently explained that "in asserting claims based on products a plaintiff did not purchase, but which are nevertheless substantially similar to products a plaintiff *did* purchase, a plaintiff is not suing over an injury she did not suffer. Rather, a plaintiff in that scenario is suing over an injury she personally suffered and asserting that others who purchased similar products suffered

substantially the same injury, even if the products that caused the injury were not identical in every respect." *Id*. at 14 (citing *Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001) ("When determining what constitutes the same type of relief or the same kind of injury, we must be careful not to employ too narrow or technical an approach. Rather, we must examine the questions realistically: we must reject the temptation to parse too finely, and consider instead the context of the inquiry."). Plaintiff is suing for an injury that is exactly the same injury as that suffered by all class members that purchased one of Defendant's products with ECJ, and as such, she has sufficiently alleged standing to maintain her claim as alleged.

**IV. <u>Conclusion</u>**

Plaintiff respectfully requests that the Court reconsider its Order granting Defendant's motion to dismiss allegations relating to products she did not purchase and find that she has adequately alleged standing for her one claim on behalf of all consumers that purchased any of Defendant's sixty products with ECJ on the label.

Respectfully submitted,

s/ Lance A. Harke
Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com
Sarah Clasby Engel, P.A.
Florida Bar No. 991030
sengel@harkeclasby.com
Howard M. Bushman, P.A.
Florida Bar No. 0364230
hbushman@harkeclasby.com
Alison C. Harke
Florida Bar No. 871291
aharke@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

s/ Lance A. Harke

**SERVICE LIST**

Dale J. Giali (*Pro Hac Vice*)
California State Bar No. 150382
DGiali@mayerbrown.com
Michael L. Resch (*Pro Hac Vice*)
California State Bar No. 202909
MResch@mayerbrown.com
Andrea M. Weiss (*Pro Hac Vice*)
California State Bar No. 252429
AWeiss@mayerbrown.com
**MAYER BROWN LLP**
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel: 213-229-9500
Fax: 213-625-0248
*Attorneys for Defendant Amy's Kitchen, Inc.*

*Served Via CM/ECF Transmission*

Lawrence Silverman, Esq.
Florida Bar No. 7160
lawrence.silverman@akerman.com
Sandra J. Millor, Esq.
Florida Bar No. 13742
sandra.millor@akerman.com
**AKERMAN SENTERFITT**
One S.E. Third Avenue — 25th Floor
Miami, FL 33131-1714
Telephone: 305-374-5600
Facsimile: 305-374-5095
*Attorneys for Defendant Amy's Kitchen, Inc.*

*Served Via CM/ECF Transmission*